UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MASCO CABINETRY MIDDLEFIELD LLC, et al., | CASE NO. 1:11CV2197 |
| Plaintiffs, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | OPINION AND ORDER |
| CEFLA NORTH AMERICA, INC., et al., | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #47) of Plaintiffs, Masco Cabinetry Middlefield, LLC ("Masco") and The Insurance Company of the State of Pennsylvania, for Relief from Judgment. For following reasons, the Motion is denied.

**I. BACKGROUND**

Plaintiffs alleged in their Amended Complaint that CEFLA North America and CEFLA SC designed, manufactured and distributed a Group Roll Coat System, including a "Cooling Tunnel," which was later installed for use in the Masco facility in Middlefield, Ohio.  (ECF DKT #13, ¶10).  A fire occurred within the Cooling Tunnel in October of 2009. Plaintiffs sought to recover the $4,729,092.00 in damages resulting from the Cooling Tunnel fire.

Defendants filed their initial Motion for Summary Judgment on June 7, 2013.  (ECF DKT #33).  Plaintiffs filed their Response to Defendants' Motion for Summary Judgment on July 15, 2013.  (ECF DKT #35).  Defendants filed their Amended Motion for Summary Judgment and Memorandum of Law on July 18, 2013.  (ECF DKT #37-1).  Defendants filed

their Reply to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on July 25, 2013. (ECF DKT #38). Finally, after obtaining leave, Plaintiffs filed their Sur-Response in Opposition to Defendants' Motion for Summary Judgment on August 12, 2013. (ECF DKT #41).

Plaintiffs filed their Cross-Motion for Partial Summary Judgment on July 15, 2013. (ECF DKT #36). Defendants filed their Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment on August 15, 2013. (ECF DKT #42). Plaintiffs filed their Reply in Support of Their Cross-Motion for Partial Summary Judgment on August 23, 2013. (ECF DKT #43).

On March 31, 2014, the Court granted Defendants' Summary Judgment Motion and denied Plaintiffs'. Now, Plaintiffs move for relief pursuant to Fed.R.Civ.P. 60(b)(1), submitting that the Court's decision contains legal and factual errors. Specifically, Plaintiffs argue that CEFLA SC was not a signatory to the sales contract between Masco and Stiles Machinery, Inc. for the Cooling Tunnel; so, CEFLA SC could not enforce the contract's terms. Also, Plaintiffs contend that the Court mistakenly referred to "CEFLA North America and CEFLA SC interchangeably when in fact they are completely different companies incorporated under different jurisdictions with different employees and different roles in this case." (ECF DKT #48 at 4).

## II. LAW AND ANALYSIS

Fed.R.Civ.P. 60(b)(1) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1)

allows a court to correct clear errors in a prior ruling.  *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir.2000).  "A claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1)."  *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989).  However, "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation."  *Info-Hold, Inc. v. Sound Merchandising*, *Inc.*, 538 F.3d 448, 454 (6th Cir.2008), citing *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir.2001).  "Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence."  *Info-Hold*, 528 F.3d at 454.  "The parties may not use a Rule 60(b) motion as a substitute for an appeal, ... , or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise."  (internal citation omitted). *Hopper*, 867 F.2d at 294; *Federal's, Inc. v. Edmonton Investment Co.*, 555 F.2d 577, 583 (6th Cir.1977).

Plaintiffs insist that the Court was mistaken to refer to CEFLA SC and CEFLA North America as CEFLA, and not to deal with them as separate, distinct entities.  Plaintiffs cannot complain about a distinction between CEFLA SC and CEFLA North America, because Plaintiffs themselves repeatedly referred to both entities interchangeably.  In fact, in their Amended Complaint (ECF DKT #13), Plaintiffs allege:

> ¶3. Cefla North America is a wholly owned subsidiary of Cefla SC and is in the business of designing, manufacturing and/or distributing certain industrial manufacturing equipment used in the manufacture of, among other things, cabinetry for use in the residential home industry.
>
> ¶4. Defendant Cefla SC is an Italian corporation with its principal place of business in Imola, Italy.  Cefla SC is in the business of designing,

> manufacturing and/or distributing certain industrial manufacturing equipment used in the manufacture of, among other things, cabinetry for use in the residential home industry.
>
> ¶9.  Prior to January 26, 2004, Cefla North America and Cefla SC visited and inspected Masco Cabinetry's plant in Middlefield, Ohio for the purpose of designing, manufacturing and distributing certain machinery to Masco Cabinetry known as a Cefla Group Roll Coat System.
>
> ¶10.  Thereafter, Cefla North America and Cefla SC designed, manufactured and distributed a Group Roll Coat System, including certain equipment known as a "Cooling Tunnel," which was subsequently installed for use at Masco Cabinetry's facility in Middlefield, Ohio.

The Amended Complaint goes on to assert two Counts against Cefla North America **and** Cefla SC, and prays for judgment "against Defendants, and each of them, in the full amount of Plaintiff's provable damages."  (ECF DKT #13 at 3-7).

Even in the briefing on the Motions for Summary Judgment, Plaintiffs did not distinguish between the Defendants.  For example, in Plaintiffs' Response to Defendants' Motion for Summary Judgment: "Defendants are collectively referred to in this Response as "the Cefla entities."  (ECF DKT #35 at 3).

The second aspect of Plaintiffs' Rule 60(b)(1) Motion is their dispute with the Court's holding that CEFLA SC as well as CEFLA North America could enforce the Sales Agreement for the Cooling Tunnel installed in their facility.  The Sales Agreement unquestionably incorporates the Proposal, prepared by CEFLA North America for KraftMaid Cabinetry and designated by its Number: CE-3227C and date of January 26, 2004.  The Proposal references the shipment of equipment from Italy and that CEFLA North America would not be obligated for customs delays.  A handwritten note on the Sales Agreement form recites: "Note:

Includes two round trip tickets and expenses to Cefla, Italy." Furthermore, as the Court outlined in its Opinion and Order, the Stiles-CEFLA Terms and Conditions are part of the Sales Agreement. Below the signatures of the parties, in bold capital letters, it says: **"YOUR ORDER IS SUBJECT TO THE TERMS AND CONDITIONS PRINTED ON THE REVERSE SIDE."**

Plaintiffs have failed to demonstrate that the Court made a clear legal error or factual mistake. The Court had sufficient evidence in the record to hold that both CEFLA entities could enforce the Sales Agreement, which contemplated that the Cooling Tunnel was manufactured by CEFLA SC in Italy, shipped to the Middlefield facility and installed by CEFLA North America, and which specifically incorporated the CEFLA-Stiles Terms and Conditions. The Court declines to revisit its summary judgment analysis. Rather, Plaintiffs must live with the litigation decisions they made and may avail themselves of their appellate remedies.

### III. CONCLUSION

For these reasons, Plaintiffs' Motion (ECF DKT #47) for Relief from Judgment, pursuant to Fed.R.Civ.P. 60(b)(1), is denied.

**IT IS SO ORDERED.**

                                            **s/ Christopher A. Boyko**
                                            **CHRISTOPHER A. BOYKO**
                                            **United States District Judge**

**Dated: February 4, 2015**